**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GUY JOHNSON | ) | Civil Action No.: |
| | ) | FLSA Action |
|     Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| ANALYTICAL ENVIRONMENTAL | ) | |
| SERVICES, INC. d/b/a AES, | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

COME NOW Plaintiff Guy Johnson ("Plaintiff"), by and through his undersigned counsel, and files this Complaint against Defendant Analytical Environmental Services, Inc. d/b/a AES ("Defendant") and in support thereof would further state as follows:

### INTRODUCTION

1.     The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA which have deprived Plaintiff of his lawful overtime wages.

2.     During the employment of Plaintiff, and for at least three years prior

to the filing of this Complaint, Defendant committed widespread violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime wage.

3.      Plaintiff seeks unpaid overtime wages, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

5.      Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendant is located in this District and are subject to personal jurisdiction in this District.

## PARTIES

6.      Plaintiff resides in Gwinnett County (within this District) and is a citizen of the United States.

7.      At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within

2

the territory of the United States.  Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which they were employed by Defendant.

8.     Defendant is a domestic company registered with the state of Georgia with its principal place of business as 3080 Presidential Drive, Atlanta, Georgia 30340. Defendant conducts business within this State and District.

9.     Defendant can be served through its registered agent, Marc B. Hershovitz, One Alliance Center, 4th Floor, 3500 Lenox Road, Atlanta, Georgia 30326.

10.    At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

11.    The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

**FACTUAL ALLEGATIONS**

12.    Defendant employed Plaintiff as a maintenance manager for approximately eight years.

13.   At all times relevant to this action, Plaintiff's primary job duty was to perform maintenance jobs at the request of his supervisor. For example, Plaintiff fixed broken plumbing, rewired electrical wires, put up dry-wall, and painted.

14.   Although Defendant gave Plaintiff the job title of "manager," at all times relevant to this action, Plaintiff was not responsible for customarily and regularly directing the work of two or more other employees.

15.   At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

16.   At all times relevant to this action, Defendant compensated Plaintiff on a salary basis and improperly classified him as exempt from overtime.

17.   Plaintiff routinely worked more than forty hours per week.

18.   Defendant regularly directed Plaintiff to work more than forty hours per week to complete his work.

19.   Defendant was aware that Plaintiff regularly worked more than forty hours per week to complete his work.

20.   However, Defendant did not compensate Plaintiff for any hours over forty hours per week.

21.    At all times relevant to this action, Defendant did not compensate Plaintiff for time worked in excess of forty hours at a rate of one and one-half times the regular rate at which he was employed.

22.    Defendant maintained either actual or constructive control, oversight and direction of Plaintiff's work, including the employment and pay and other practices.

23.    Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

24.    Defendant failed to meet the requirements for paying Plaintiff an overtime rate of not less than one and one-half times the regular rate at which he was employed, at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

25.    Defendant is liable to Plaintiff for any and all overtime worked at the rate of at least one and one-half times his regular rate at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

26.   By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has have suffered damages plus incurring costs and reasonable attorneys' fees.

27.   As a result of Defendant's failure to act with good faith in compensating Plaintiff, he is entitled to liquidated damages.

28.   Plaintiff has retained the undersigned counsel to represent him and Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

29.   Plaintiff demands a jury trial.

**COUNT I**

30.   Plaintiff repeats and incorporates by reference Paragraphs 1-29 herein. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

31.   Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

32.    As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

33.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

34.    As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for the following relief:

A.   That Plaintiff be awarded damages for the three years preceding the filing of this Complaint in the amount of his respective unpaid compensation, plus an equal amount of liquidated damages;

B.   That Plaintiff be awarded pre- and post-judgment interest;

C.   That Plaintiff be awarded reasonable attorneys' fees;

D.   That Plaintiff be awarded the costs and expenses of this action;

7

E.   That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 12th day of August, 2015.

MARTIN & MARTIN, LLP

By:   _Kimberly N. Martin_

Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-10170
(404) 313-5538
(770) 837–2678 Fax